IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Michael, *et al.*,  Case No. 3:01CV7436

      Plaintiffs

  v.  ORDER

Margarette Ghee, *et al.*,

      Defendants.

On October 10, 2003, Robert Martin, an Ohio prisoner proceeding *pro se*, sought to intervene in the case of *Michael v. Ghee*, 01CV7436. (*See* Doc. 160.) I denied Martin's motion. (*See* Doc. 149; Doc.169 (orders denying motions to intervene)). The U.S. Court of Appeals for the Sixth Circuit reversed that decision in November, 2005.

On February 1, 2006, I denied plaintiffs' motion for summary judgment and granted the state of Ohio's motions for summary judgment, and consequently dismissed the entire case. (*See* Doc. 345).

The Court of Appeals stated that, to be entitled to intervene as a matter of right, proposed intervenors must establish four elements: 1) the motion to intervene was timely; 2) the intervenors have a substantial legal interest in the subject matter of the case; 3) the intervenors' ability to protect their interests may be impaired without intervention; and 4) the parties already before the court may not adequately represent the intervenors' interest. (*See* Doc. 354 for the

Sixth Circuit's opinion reversing my denial of Martin's motion, citing the four factors found in *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999))

The Court of Appeals remanded the case for me to apply the *Grutter* factors when considering Martin's motion to intervene.

In applying the *Grutter* factors, Martin satisfies the first three elements: 1) his motion was timely; 2) being an inmate in an Ohio prison institution, he clearly has a substantial interest in the case's subject matter; and 3) Martin would have difficulty protecting his legal interests related to the case's subject matter without intervention.

The final element, whether the parties already before the court – as represented by the class action lawsuit plaintiffs in this case – will adequately represent Martin's interests, is a closer call.

If the prospective intervenor and the existing party have the same ultimate objective in the litigation, courts presume the representation is adequate. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001); *see also San Juan County, UT v. U.S.*, 420 F.3d 1197, 1212 (10th Cir. 2005). Even absent any presumption of adequacy, the prospective intervenor has the burden to show that the existing parties may not adequately represent his or her interests. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). The prospective intervenor need not show actual inadequacy, however, only that the representation may not be adequate. *Id.*

Here, Martin has the same objective as the class action plaintiffs: to stop Ohio parole officials from engaging in alleged violations of state and federal law in administering the parole

system in a manner that denies inmates such as Martin release. Because Martin has the same objective as the actual plaintiffs, the presumption of adequate representation applies.

Martin fails to rebut that presumption. In his motion to intervene, (Doc. 160), Martin cites to Rule 24(a) of the Federal Rules and to case law outlining the elements one must satisfy to intervene as a right. (Doc. 160 at 4-5). Martin contends that failure to grant intervention would "impede and impair [his] right to present evidence showing [] abuse of discretion [by Ohio parole authorities]." (Doc. 160 at 5). Martin does not explain why failing to present his particular evidence would constitute inadequate representation by existing parties.

Martin's arguments seem to focus on the other elements needed to intervene and not on the inadequacy of representation by existing parties. (*See, e.g.*, Doc. 160 at 7 ("Martin submits he has shown the requirements for intervention are needed to prevent irrepairable [sic] harm to the total class of indefinite sentenced inmates, which has somewhat escaped plaintiff's [sic]counsel's grasp.")[1] Such statements fail to articulate specifically why the existing plaintiffs' counsel would possibly fail to do an adequate job in representing the plaintiffs, so the presumption of adequacy is not rebutted.

Even if a presumption in favor of adequate representation did not apply, Martin would still fail to satisfy the final element because he has not met the burden of showing inadequate representation. While this is not a significant burden, *Sw. Ctr. for Biological Diversity*, 268 F.3d at 819, Martin has failed to articulate any coherent reason why existing parties – who filed

---

[1] Martin also contends, for example, that "not all of those indefinite sentenced inmates are being represented because they cannot pay the representation fee." (Doc. 160 at 5). This argument does not address inadequacy of the existing representation.

voluminous briefs with numerous arguments on multiple causes of action – may inadequately represent his interests.

Therefore, Martin fails to satisfy the final required element to intervene as a matter of right.

It is therefore

ORDERED THAT

Martin's motion to intervene is denied. Further, the Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr  
James G. Carr  
Chief Judge